# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| LAVERN RAY, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| BON SECOURS – ST. FRANCIS XAVIER HOSPITAL, INC., | ) ) ) ) |
| Defendant. | ) ) |

No. 2:12-cv-01180-DCN

**ORDER**

This matter comes before the court on defendant's second motion to dismiss. Plaintiff Lavern Ray filed a complaint in federal court on May 3, 2012, individually and on behalf of all others similarly situated, alleging violations of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. § 201 et seq. On June 8, 2012, Defendant Bon Secours – St. Francis Xavier Hospital, Inc. (St. Francis) filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). In response, Ray filed an amended complaint on June 22, 2012. St. Francis then filed a second motion to dismiss on July 6, 2012. The court held a hearing on September 4, 2012.

In her amended complaint, Ray alleges that from approximately March 2001 until October 2010, she performed janitorial duties while working in the Environmental Services Department for St. Francis, where she was primarily responsible for cleaning hospital facilities. Am. Compl. ¶¶ 2-4. According to Ray, St. Francis failed to pay her and other similarly situated employees one and one-half times the normal rate of pay for overtime hours worked. Id. ¶¶ 5, 19. Ray specifically complains that St. Francis deducted thirty minutes of work from each paycheck even though she almost always

1

worked through lunch (amounting to "over 300 overtime hours for her lunch period alone"); that St. Francis refused to pay her for time in which she was "engaged to wait"; and that St. Francis did not properly compensate her for hours worked after her shift, which was usually about four hours. Id. ¶¶ 7-8, 18. Ray proposes representing a class consisting of "Defendant's non-exempt employees who have worked in excess of Forty (40) hours during one of more work weeks on or after June 22, 2009, and did not receive time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks." Id. ¶ 19.[1]

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in its favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Facts pled that are 'merely consistent with' liability are not sufficient." A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

---

[1] Plaintiff's counsel has filed numerous similar complaints in this district over the past six months.

The FLSA generally requires employers to provide their employees with overtime compensation for all hours worked in excess of a forty-hour week. See 29 U.S.C. § 207(a)(1). "To assert a claim for overtime compensation pursuant to 29 U.S.C. § 207, a plaintiff must plead (1) that he worked overtime hours without compensation; and (2) that the employer knew or should have known that he worked overtime but failed to compensate him for it." Butler v. DirectSat USA, LLC, 800 F. Supp. 2d 662, 667 (D. Md. 2011) (internal quotation marks omitted). Courts in this Circuit have held that a plaintiff must sufficiently indicate the compensation he was entitled to and the number of hours worked without proper compensation to survive a motion to dismiss. Jones v. Imaginary Images, Inc., No. 12-217, 2012 WL 3257888, at *11 (E.D. Va. Aug. 8, 2012). A complaint that is devoid of such factual detail does not properly state a FLSA unpaid wages claim. Id.; cf. Calle v. Chul Sun Kang Or, No. 11-716, 2012 WL 163235, at *3 (D. Md. Jan. 18, 2012) ("Plaintiff's allegations, which detail the type of work activities that occupied his overtime hours as well as the approximate number of hours he worked each week while Defendant supervised him, provide Defendant with sufficient notice about the basis of Plaintiff's FLSA . . . claim[] to enable him to form a response.").

The allegations of the amended complaint fail to provide sufficient factual detail regarding the number of unpaid hours worked and the amount of compensation owed by St. Francis. Ray alleges that overtime pay was owed but not paid beginning on June 22, 2009.[2] She further claims that between June 22, 2009 and October 2010, St. Francis failed to pay her for at least 300 overtime hours worked during "her lunch period alone."

---

[2] Although Ray alleges that she worked from St. Francis from 2001 until approximately 2010, she relies on June 22, 2009 as the start date for overtime compensation owed, since the FLSA carries a three year statute of limitations for willful violations of the FLSA. 29 U.S.C. § 255(a). Ray filed her amended complaint on June 22, 2012.

Am. Compl. ¶ 6.  This allegation is not plausible.  Even accepting Ray's allegation as true, the total amount of overtime worked during her lunch period over the span of a year and a half would not amount to 300 hours.  Without plausible factual allegations regarding the number of hours worked and compensation allegedly owed, the court finds dismissal to be appropriate.  See Ekokotu v. Fed. Express Corp., 408 F. App'x 331, 340 (11th Cir. 2011) ("To establish a prima facie case of an FLSA violation, a complainant must show as a matter of just and reasonable inference the amount and extent of his work in order to demonstrate that he was inadequately compensated under the FLSA.") (internal quotation marks omitted).  Even if Ray's allegation that over 300 overtime hours of pay are owed applies to all three of the claimed violations mentioned above, Ray still fails to allocate the hours of overtime pay owed for each violation.  For instance, paragraph 18 of the amended complaint only provides the bare bones allegation that St. Francis failed to pay Ray and others "compensation to which they were lawfully entitled for the period of time each day they were engaged to wait."

St. Francis additionally moves to dismiss Ray's amended collective action allegations.  These allegations, as currently formulated, fail to specify the purported class members that are "similarly situated" with Ray.  The allegations in paragraph 19 of the amended complaint currently include all "non-exempt employees" of St. Francis, but Ray fails to describe why, for example, a parking lot attendant is similarly situated to a janitor who is responsible for cleaning hospital facilities.

Based on the foregoing, the court **GRANTS** defendant's motion to dismiss and **DISMISSES** plaintiff's amended complaint **WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 1, 2012**
**Charleston, South Carolina**